[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS
1. Dissolution of Marriage
The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
2. Custody and Visitation
a. The parties shall share joint legal custody of their minor child with the defendant mother having primary physical custody and the plaintiff father having reasonable and liberal rights of access. The parties shall share holidays and extended visitation as mutually agreed. Both parties shall notify the other of any extended period of access or in the event they are unable to exercise their access. Each party shall keep the other informed regarding medical and educational issues regarding the child.
b. Should either parent intend to relocate more than 30 miles from his or her present residence in Stonington and Mystic, he or she shall give 90 days advance written notice to the other party by way of registered mail, return receipt requested. Neither party shall remove the minor child from the United States without prior written consent from the other party or an order of this court.
c. The defendant mother shall satisfactorily complete the court mandated Parenting Education Program within 60 days of this judgment and then file the completion certificate with this court.
3. Child Support
The plaintiff father shall pay to the defendant mother child support in the amount of $132.00 per week for the minor child which is in accordance with the Child Support Guidelines, a copy of which is attached hereto. An Immediate Wage Withholding shall issue unless the parties agree in writing to a Contingent Wage Withholding.
4. Alimony
The plaintiff shall pay to the defendant alimony in the amount of CT Page 4986 $200.00 per week. Alimony shall terminate upon the death of either party or April 1, 2005, whichever occurs first. The term and amount of alimony shall be nonmodifiable. Said amount shall be taxable to the wife and deductible by the husband for income tax purposes. An Immediate Wage Withholding shall issue unless the parties agree in writing to a Contingent Wage Withholding.
5. Health Insurance/Child Care
a. The plaintiff father shall maintain his current health insurance or its substantial equivalence for the benefit of the minor child. The father and mother shall share the cost of all uninsured and unreimbursed medical, dental, prescription, orthodontic, optical, psychiatric, psychological and similar reasonable and necessary expenses incurred on behalf of the minor child pursuant to the child support guidelines as follows: after the mother pays the first $100.00 per year, the father shall pay 50% of those costs and the mother shall pay 50% of those costs. The parties shall reconcile the payment or reimbursement of such uninsured and unreimbursed expense by exchanging receipts, bills, explanation of benefits or similar documentation as they become due, with payment or reimbursement to be made during the 15 day period following said exchange. Section 46b-84 (e) of the Connecticut General Statutes shall apply. The wife shall be responsible for the procurement and cost of her own health insurance.
b. The father shall pay 50% of the work-related child care costs for the minor child and the mother shall pay 50% of said costs, all pursuant to the Child Support Guidelines.
c. Although the 50% sharing of the above costs appears to be a deviation from the attached worksheet, the court has taken into consideration the overall support order (child support and alimony) in reaching this amount.
6. Life Insurance
The plaintiff father shall maintain life insurance in the amount of $150,000.00 for the benefit of the defendant mother until such time as the alimony obligation ceases. Thereafter, he shall maintain life insurance in the amount of $150,000.00 for the benefit of the minor child, naming the mother as trustee. The plaintiff father shall execute an authorization to the defendant mother to enable her to determine the good standing of said policy.
7. Dependency Exemption
CT Page 4987
The plaintiff father shall be entitled to declare the dependency exemption for the minor child for federal and state tax purposes in all even years starting with the year 2000 so long as he is substantially current on all his financial obligations pursuant to this judgment at the end of the tax year in question. The defendant mother shall be entitled to said dependency exemption in all odd years starting with the year 2001. In the event the defendant mother intends to take the exemption for an even year, she must notify the plaintiff father in writing within 30 days of the end of the year in question and then may take the exemption for that year only upon the written agreement of both parties or an order of this court. Both parties shall execute whatever documents are necessary to allow for said declaration.
8. Property Division
a. The husband shall transfer to the wife by quit claim deed all his right, title and interest in and to the jointly owned property at 190 Pequot Avenue, Mystic, Connecticut. The wife shall be responsible for all expenses associated with said property (except as hereinafter ordered) including the mortgage, taxes and insurance and shall indemnify husband and hold him harmless on any such expense. The husband through his attorney shall arrange and pay for the preparation, execution and filing of the quit claim deed. The wife will make a good faith effort to refinance the property within 5 years of the date of this judgment. In the event she is unable to do so, she will make annual efforts to refinance said property to remove husband's name from the liability.
b. The wife shall execute a Right of First Refusal to the husband to purchase the property located at 190 Pequot Avenue, Mystic, Connecticut which shall provide that in the event the wife decides to sell said property or is in substantial default on the mortgage secured by said property, the husband shall have the right to exercise his Right of First Refusal to purchase the property at its then fair market value within 45 days of he wife submitting to him in writing her decision to sell or he receives a notice of substantial default on said mortgage. The Right of First Refusal shall expire when he is no longer liable on the mortgage secured by said property or when he fails to exercise his right to purchase within said 45 day period. The husband through his attorney shall arrange and pay for the preparation, execution and filing of the Right of First Refusal. This court retains jurisdiction over the execution and implementation of the Right of First Refusal.
c. In addition to the foregoing subparagraphs b and c regarding 190 Pequot Avenue, Mystic, Connecticut, the husband may accept, at his option, a quit claim deed From the wife in the event she tenders one to him. In the event the husband accepts the quit claim deed, he shall be CT Page 4988 responsible for the mortgage, taxes and insurance and shall iold the wife harmless thereon.
d. The husband shall pay for the cost of repairs to the roof at 190 Pequot Avenue, Mystic, Connecticut in an amount not to exceed $10,000.00.
e. The husband shall transfer to the wife all his right, title and interest in and to the 1989 Volvo automobile. The wife shall be responsible for all costs and expenses associated with said automobile including property taxes and shall indemnify husband and hold him harmless on said costs and expenses. The husband shall prepare and execute the necessary documents to effectuate this transfer.
f. Except as otherwise provided herein, the wife shall retain ownership of her IRA, her personal bank accounts, personal property in her possession and all other assets in her name or possession free and clear of any claim by the husband.
g. Except as otherwise provided herein, the husband shall retain ownership of his IRA, his personal bank accounts, personal property in his possession, 65 Cutler Street LLC, Ateher Auber LTD dba The Village Woodwright, Zuckerman Harpsichords International LLC and all other assets m his name or possession free and clear of any claim by the wife.
h. The wife shall return to the husband the Mauro painting within 30 days of this judgment.
i. All remaining property not herein mentioned shall belong to the party having record title or possession free and clear of any claim by the other.
10. Debts and Liabilities
a. Except as otherwise provided herein, each party shall be responsible for the Iebts and liabilities shown on their own financial affidavits filed at the hearing and each party shall indemnify and hold the other harmless from those debts and liabilities.
b. The husband shall be responsible for all debts and expenses associated with 65 Cutler Street LLC, Ateher Auber LTD dba The Village Woodwright and Zuckerman Harpsichords International LLC and shall indemnify wife and hold her harmless from those debts and expenses.
11. Counsel Fees
CT Page 4989
Each party shall pay their own counsel fees and costs in connection with these proceedings.
12. Restoration of Maiden Name
The wife's maiden name of Eva Leong is hereby restored.
13. Judgment File
Husband's counsel shall prepare and file the judgment file within 30 days of his order with a copy sent to the wife at the time of filing.
Kenefick, J.